June 7, 1910.

_____

No. 4989.

(Court of Appeal, Parish of Orleans.)

**CAMPBELL GLASS AND PAINT COMPANY vs. THAMES & MERSEY MARINE INSURANCE COMPANY.**

John Dymond, Jr., for plaintiff and appellee.

Parkerson and Bruenn for defendant and appellant.

DUFOUR, J.—On June 15, 1908, the plaintiff obtained from defendant, through its New Orleans agency, river insurance to the extent of $7,000 on a cargo of glass to be transported by water route from Bellevernon, Pa., to New Orleans.

A barge was loaded with the cargo at the Bellevernon plant of the American Glass Company, and proceeded towards Pittsburg, which, owing to the very low stage of the water, it did not reach until January 7, 1909.

In October, 1908, glass having risen in value, the plaintiff applied to defendant's agent for additional insurance, and, in this manner, conveyed to the insurer its first intimation that the cargo had not reached its destination and was still detained at Pittsburg by the low stage of the water.

Whereupon, defendant replied, on November 17, 1908, that the protracted delay in transportation converted the risk from a summer to a winter risk, and constituted a deviation or change of voyage under the following clause of the policy.

"Held covered in case of deviation or change of voyage, provided notice be given and any additional

premium required be agreed immediately after receipt of advice."

Demand then followed for an additional premium with the further statement that "unless you agree immediately to pay same, the insurance will be null and void."

On November 24th, plaintiff, without conceding either the claim of deviation or the right to charge an additional premium, offered to arbitrate the point of difference.

On November 25th, the insurer replied that the plaintiff's refusal to comply with the terms of its letter of November 17th "made the insurance null and void, and it is now too late to consider the subject further."

The insured, after having unsuccessfully attempted to obtain river insurance elsewhere, wrote to the insurer denying its right to have canceled the policy, declaring inability to secure other insurance and stating that it would forward the glass by rail and look to the insurer for the reimbursement of the increased expense of rail transportation, unless the latter receded from the position that the policy was no longer in force.

Having received an answer to the effect that "in as much as the insurance is null and void, we must decline to discuss with you the handling of your property," the plaintiff effected rail transfer of shipment, and the present suit demands a reimbursement of the expenses thereby incurred by him.

We do not find it necessary to inquire if the long delay in transportation was such a deviation as avoided the risk under the terms of the policy.

Conceding that it did not, and, therefore, that the insurer had no legal right to cancel the risk, the question arises as to what is the measure of damages in such cases.

In a contract of insurance, it is contemplated that the insured shall pay the premiums and the insurer shall pay

such loss as is insured against and as actually occurs. There is no other damage contemplated by the parties.

There is nothing in the nature of the agreement to warrant the assumption that because the insurer declares the contract to be at an end, the insured has the right to substitute a rail route for the original river shipment and charge the cost to the insurer.

Either the cancellation was valid or it was not; if valid, no recovery can be had; if invalid, the insurer remains liable, notwithstanding the alleged cancellation, if a loss occurs.

The insured must remain satisfied with the remedy meted out to him by his contract and may not claim recoupment for the result of any other course **dehors** the contract which he may elect to pursue for his own convenience or for any other reason.

The suggestion that plaintiff's action was intended to minimize damages is not forceful.

In point of fact it appears that the barge upon which the glass was originally loaded was lost in February near Natchez; but the subsequent occurrence cannot be a factor in determining plaintiff's rights, which must be tested solely by the condition of affairs existing at the time that it acted.

We understand minimizing to mean a reduction by proper and timely precautions of the amount or extent of a loss which has occurred or is inevitably about to occur.

But we do not think that making a loss certain or creating a sure loss, as in this case, to avoid a possible loss which may never occur, can be classed as a minimizing act. In pursuing this course, the insured acted at his peril and on its own responsibility.

The plaintiff should have stood upon the terms of its contract and could have recovered if the contract had been illegally cancelled and a loss occurred. But he can-

not, when he chooses to act·beyond his contract, erect in his own interest a different standard of measure of damages than provided by law.

Judgment reversed and plaintiff's demand rejected at its cost in both courts.

June 7, 1910.

Rehearing refused June 23, 1910.